# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RENEE CHRISTMAN,            )

     Plaintiff,            )    Civil Action No. **05-0910**

     v.                 )

XPRESSBET, INC., MAGNA    )    **JURY TRIAL DEMANDED**
ENTERTAINMENT,          )

     Defendants.       )

                          )

## COMPLAINT IN CIVIL ACTION

AND NOW COMES, Plaintiff Renee Christman, by and through her attorney, Lois Glanby, Esq., and files this Complaint in Civil Action, and in support thereof, avers as follows:

## I. PRELIMINARY STATEMENT

1.     This is an action for damages brought by Renee Christman against XPRESSBET, Inc. and MAGNA Entertainment. Plaintiff alleges that she was harassed and discriminated against because of her sex, female, and her age, and then retaliated against for having reported those harassments and discriminations.

## II. JURISDICTION

2.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1334, 1334, 1345, 1367 (a), and 1391(b)(1)(2). This action is authorized and

instituted pursuant to the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 *et seq.* (hereinafter "ADEA"), Title VII of the Civil Rights Act of 1991, 42 U.S.C. 2000(e) et seq. (Title VII); Section 102 of the Civil Rights Act of 1991; and the Pennsylvania Human Relations Act, 43 PS §§ 951 et seq.

## III. VENUE

3.    Venue is appropriate in this judicial district as all parties reside in this judicial district and all relevant acts were committed or occurred in this judicial district.

4.    Plaintiff timely exhausted his administrative remedies by filing charges with the U.S. Equal Employment Opportunities Commission that were cross-filed with the Pennsylvania Human Relations Commission.  Plaintiff has attached a copy of the "Right to Sue" letter.  Plaintiff has filed the instant suit within 90 days of receipt of the Right to Sue letter.

5.    The employment practices alleged to be unlawful were committed by the Defendants in and around Washington County, Pennsylvania where Plaintiff worked for Defendants.  Therefore, the United States District Court for the Western District of Pennsylvania is the proper venue for the action under 28 U.S.C. §1391(b).

## IV. PARTIES

6.    Plaintiff is a female individual,  55 years old, who resides at 214 Duke Drive, Washington, PA 15301.   At all relevant times hereto, Plaintiff was an employee of Defendants Defendant XPRESSBET, Inc and MAGNA Entertainment.

7.     At all relevant times, Defendant XPRESSBET, was located at P.O. Box 499, Race Track Road; Meadowlands, PA 15347

8. .     At all relevant times, Defendant MAGNA Entertainment was located at Race Track Road; Meadowlands, PA 15347

9.     Plaintiff is in a protected class because of her age (55 years old) and sex (female).

10.     At all relevant times, the Defendants have been continuously doing business in the Commonwealth of Pennsylvania and have employed at least 20 employees.

11.     Defendants are and were at all times material to this complaint covered entities and were in an industry affecting commerce within the meaning of § 701 of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e)(6) as amended by the Civil Rights Act of 1991, 43 P.S. § 951 *et seq.*, and all relevant statutes.


## V. STATEMENT OF CLAIMS


## 1.     EMPLOYMENT DISCRIMINATION – ADEA and CIVIL RIGHTS ACT

12.     Plaintiff filed timely charges of discrimination/harassment against the Defendants with the United States Equal Employment Opportunity Commission (hereinafter "EEOC") that were cross-filed with the Pennsylvania Human Relations Commission. Plaintiff received a letter, dated March 31, 2005, dismissing the charges and giving her Notice of Right to Sue. This suit was timely filed within 90 days of

receipt of the letter. All administrative conditions precedent have been met by the Plaintiff.

13.     Beginning in or about 2001, and continuing through June 21, 2004, when the Plaintiff was terminated, the Defendants engaged in unlawful employment practices in and around Washington County, Pennsylvania, in violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 *et seq.*, and Title VII of the Civil Rights Act of 1991, 42 U.S.C. 2000(e) *et seq.*, and the Pennsylvania Human Relations Act, 43 PS §§ 951 *et seq.* These practices include but are not limited to the following:

        a.      Plaintiff, at all relevant times, was subject to a continuous and ongoing hostile work environment, subject to disparate treatment, harassment, humiliation, and discrimination based on her age and sex, as well as retaliation for complaining regarding the ongoing hostile work environment, disparate treatment, sex and age harassment, and discrimination.

        b.      Defendants continuously discriminated against Plaintiff by subjecting her to continual sex harassment, harassment because she is an older female, verbal abuse, humiliation, embarrassment, and a hostile work environment.

        c.      Defendants, permitted Bruce Levers, 45, male, co-worker to continuously harass and discriminate against Plaintiff because she is an older woman by subjecting her to frequent and aggressive behavior, he challenged Plaintiff's son to a fight in the cafeteria in front of Plaintiff and her daughter, he slammed doors in Plaintiff's face, he intimidated her, he called Plaintiff an "Ass" and he gave Plaintiff dirty looks and he cussed out and gave the finger to a female

co-worker, Joni Westfault. Plaintiff and other females complained of Bruce Levers to management and to the Union steward. Management knew of his harassment against Plaintiff and they refused to take appropriate action to stop such behaviors and to the contrary, they retaliated against Plaintiff for reporting the same.

d.  Defendants, likewise permitted Sam Dino,  male, co-worker to continuously harass and discriminate against Plaintiff because she is an older woman.  San subjected Plaintiff to frequent and aggressive behavior, using the "F" word frequently, he openly degraded his ex-girlfriend with subjects derogatory to all females, Plaintiff and other females complained of Sam Dino to management and to the Union steward. Management knew of his harassment of females against Plaintiff and they refused to take appropriate action to stop such behaviors and to the contrary, they retaliated against Plaintiff for reporting the same.

e.  A condition of the workplace was accepting daily use of the "F" word, derogatory comments and jokes about women, special privileges for young and cute employees and employees who were flirtatious and/ or having sex with supervisors.

f.  Defendants discriminated against Plaintiff by treating her differently: she was not allowed to eat at her terminal, she had to work harder, and others got to turn off their phones when they wanted to go to their cars,  to the other side of the track or to do errands.  When Plaintiff complained of disparate

treatment to similarly situated employees who were younger or flirtatious/ having sex with management she was retaliated against.

g.   Defendants more harshly disciplined Plaintiff than younger females and a male employee who was flirtatious/ having sex with supervisors.

h.   Defendants discriminated against Plaintiff by terminating her on a pretext, in retaliation for her opposition to Defendants' unlawful harassment, discrimination, abuse, humiliation, creation of a hostile work environment, disparate treatment and retaliation.

i.   Subsequent to Plaintiff's complaints to management regarding the discrimination, harassment, humiliation, and embarrassment she suffered at the hands of managers/supervisors as well as coworkers, she was subjected to intensified discrimination, harassment, humiliation, embarrassment and retaliation for opposing such behavior being directed toward her.

j.   Management/supervisors at Defendants companies were aware of the ongoing pattern of discrimination, harassment, embarrassment, and humiliation to which Plaintiff was subjected, but took no action to curtail or eliminate such.

14.   Throughout Plaintiff's tenure with Defendants XPRESSBET, Inc and MAGNA Entertainment, Defendants engaged in a continuous and ongoing pattern of unlawful discrimination and harassment against Plaintiff based upon her sex and age and retaliated against her for attempting to resolve the situation, and created and sustained a continuing hostile work environment, all in violation of the ADEA, Title VII of the Civil Rights Act, and the PHRA.

15. As a direct and proximate result of the aforementioned conduct of Defendants, Plaintiff has suffered and continues to suffer in the following ways, *inter alia*:

    a.    Mental anguish, depression and emotional strain;

    b.    Loss of income and benefits;

    c.    Deprivation of ordinary pleasures of life;

    d.    Pain and suffering caused by the daily exposure to a hostile work environment during her employment at the Defendant companies;

    e.    Loss of sleep, stress, and severe anxiety;

    f.    Humiliation and embarrassment;

    g.    Plaintiff's career has been curtailed and sabotaged.

16. The effect of the practices complained of above has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex and age, and in retaliation for her opposition to disparate treatment, a hostile work environment, retaliation, harassment, and discrimination.

17. WHEREFORE, Plaintiff demands judgment against Defendants and damages as follows:

    a.    That Defendants be permanently enjoined from unlawful harassment and discrimination on the basis of age or sex or opposition to discrimination and harassment.

    b.    That a declaratory judgment be made that such discrimination and harassment are unconstitutional.

c. That Plaintiff be awarded actual and consequential damages to make Plaintiff whole including back pay with prejudgment interest, front pay and compensation for lost benefits, in an amount to be proven at trial, and other affirmative relief necessary to eradicate the effects of the unlawful employment practices, plus interest;

d. That Plaintiff be awarded compensatory damages to compensate for pain, suffering, emotional distress and humiliation Plaintiff has suffered as a result of the Defendants' outrageous conduct.

e. That Plaintiff be awarded punitive damages, in an amount sufficient to punish Defendants and to deter similar misconduct.

f. That Plaintiff be awarded nominal damages;

g. That Plaintiff be awarded the costs of this litigation, expert fees and reasonable attorney's fees; and,

h. That Plaintiff be awarded such further relief as this Court deems to be just and proper.

## 2. RELATED STATE CLAIM - EMPLOYMENT DISCRIMINATION (PHRA) - DEFENDANT ANSYS, INC.

18. Plaintiff incorporates by reference the allegations in paragraphs 1 through 17 as though they were fully restated herein.

19. Plaintiff filed timely charges of discrimination/harassment with the Equal Employment Opportunity Commission(EEOC) that were cross filed at the Pennsylvania

Human Relations Commission. Plaintiff was issued letters notifying her of her Right to Sue within 90 days; the instant action is filed within the 90-day limit. The Plaintiff has therefore met all administrative conditions precedent.

20.     Throughout the tenure of Plaintiff's employment with Defendants XPRESSBET, Inc., and MAGNA Entertainment, the Defendants engaged in unlawful employment practices in and around Washington County, Pennsylvania, in violation of the PHRA.

21.     Defendants discriminated against and harassed Plaintiff because of her sex and age as detailed above, and in retaliation for her objecting to such harassment and discrimination. She was treated less favorably than other similarly-situated employees and harassed due to her sex and age, and no action was taken by management to end the harassment, discrimination, and abuse.

22.     Defendants subjected Plaintiff to a hostile work environment, disparate treatment and discrimination as set forth in paragraphs 13 through 15 of this Complaint, all of which caused Plaintiff mental, emotional, and physical suffering.

23.     The effect of the practices complained of above has been to deprive Plaintiff of equal employment opportunities and otherwise to adversely affect her status as an employee because of her sex and disability, and in retaliation for her objecting to the disparate treatment, harassment and discrimination.

24.     WHEREFORE, Plaintiff demands judgment against Defendants and damages as follows:

a.    That Defendants be permanently enjoined from unlawful harassment and discrimination on the basis of disability or opposition to discrimination and harassment.

b.    That a declaratory judgment be made that such discrimination and harassment are unconstitutional.

c.    That Plaintiff be awarded actual and consequential damages to make Plaintiff whole including back pay with prejudgment interest, front pay and compensation for lost benefits, in an amount to be proven at trial, and other affirmative relief necessary to eradicate the effects of the unlawful employment practices, plus interest;

d.    That Plaintiff be awarded compensatory damages to compensate for pain, suffering, emotional distress and humiliation Plaintiff has suffered as a result of Defendants' outrageous conduct.

e.    That Plaintiff be awarded punitive damages, in an amount sufficient to punish Defendants and to deter similar misconduct.

f.    That Plaintiff be awarded nominal damages;

g.    That Plaintiff be awarded the costs of this litigation, expert fees and reasonable attorney's fees; and,

h.    That Plaintiff be awarded such further relief as this Court deems to be just and proper.

**JURY TRIAL DEMANDED**

Respectfully submitted,

Lois Glanby

Lois Glanby
Pa. ID # 80784
Counsel for Plaintiff Renee Christman

152 East Highland Drive
McMurray, PA 15317

(724) 942-0524

JS-44 (Rev. 3/99)

# CIVIL COVER SHEET

## 0Y-0910

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS

Renee Chrisman

### DEFENDANTS

Xpressbet, Inc.
Magna Entertainment

**(b)** County of Residence of First Listed Plaintiff    Washington
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed    Washington
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

The Law Offices of Lois Glanby
152 East Highland Drive
McMurray, PA 15317
724-942-0524

Attorneys (If Known)

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending ☐ 380 Other Personal Property Damage | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | **Habeas Corpus:** | | | ☐ 900 Appeal of Fee |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights ☐ 555 Prison Condition | | | |

### V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Violations of the Age Discrimination in Employment Act, Title VII of the Civil Rights Act of 1991 & the PA Human Relations Act

### VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION DEMAND UNDER F.R.C.P. 23

CHECK YES only if demanded in complaint:

JURY DEMAND: ☒ Yes ☐ No

### VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE _____   DOCKET NUMBER _____

DATE   06/30/2005

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

### THIS CASE DESIGNATION SHEET MUST BE COMPLETED

**PART A**
This case belongs on the (_____ Erie _____ Johnstown (X) Pittsburgh) calendar.

1. **ERIE CALENDAR** - If cause of action arose in the counties of Crawford, Elk, Erie, Forest, McKean, Venango or Warren, OR any plaintiff or defendant resides in one of said counties.
2. **JOHNSTOWN CALENDAR** - If cause of action arose in the counties of Bedford, Blair, Cambria, Clearfield or Somerset, OR any plaintiff or defendant resides in one of said counties.
3. Complete if on **ERIE CALENDAR**: I certify that the cause of action arose in _____ County and that the _____ resides in _____ County.
4. Complete if on **JOHNSTOWN CALENDAR**: I certify that the cause of action arose in _____ County and that the _____ resides in _____ County.

**PART B** (You are to check ONE of the following)
1. _____ This case is related to Number _____, Judge _____.
2. (X) This case is not related to a pending or terminated case.

**DEFINITIONS OF RELATED CASES:**
**CIVIL:** Civil cases are deemed related when a case filed relates to property included in another suit, or involves the same issues of fact or it grows out of the same transactions as another suit, or involves the validity or infringement of a patent involved in another suit.
**EMINENT DOMAIN:** Cases in contiguous closely located groups and in common ownership groups which will lend themselves to consolidation for trial shall be deemed related.
**HABEAS CORPUS & CIVIL RIGHTS:** All habeas corpus petitions filed by the same individual shall be deemed related. All pro se Civil Rights actions by the same individual shall be deemed related.

**PART C**
1. **CIVIL CATEGORY** (Place x in only applicable category).
   1. ( ) Antitrust and Securities Act Cases
   2. ( ) Labor-Management Relations
   3. ( ) Habeas Corpus
   4. (X) Civil Rights
   5. ( ) Patent, Copyright, and Trademark
   6. ( ) Eminent Domain
   7. ( ) All other federal question cases
   8. ( ) All personal and property damage tort cases, including maritime, FELA, Jones Act, Motor vehicle, products liability, assault, defamation, malicious prosecution, and false arrest.
   9. ( ) Insurance indemnity, contract, and other diversity cases.
   10. ( ) Government Collection Cases (shall include HEW Student Loans (Education), VA Overpayment, Overpayment of Social Security, Enlistment Overpayment (Army, Navy, etc.), HUD Loans, GAO Loans (Misc. Types), Mortgage Foreclosures, S.B.A. Loans, Civil Penalties and Coal Mine Penalty and Reclamation Fees.)

I certify that to the best of my knowledge the entries on this Case Designation Sheet are true and correct.

Date: _____        _____
**ATTORNEY AT LAW**

**NOTE: ALL SECTIONS OF BOTH SIDES MUST BE COMPLETED BEFORE CASE CAN BE PROCESSED.**